Ruffin. J.
 

 The cause cannot be heard in its present state;
 
 *297
 
 because, on over-ruling the demurrer of the two of the defendants, as the Court thinks ought to be done, the cause-must go back for answers from those defendants, or for -want of them, that the bill may be taken as confessed. We suppose, however, that it is not material to Rie parties, and that the purpose of blunging up the case, was to get the opinion of the Court on the liability of the fund, at present, to the satisfaction of the plaintiff’s judgment; and that question arises as distinctly on the demurrer, as it would in any subsequent stage of the case. The Court had occasion in
 
 Harrison
 
 v. Battle, 1 Dev. Eq. 537, and in
 
 Mebane
 
 v. Mebane, 4 Ire. Eq. 131, to look into the cases on the subject of the liability of equitable property for the debts of the equitable owner, and came to the conclusion that a fund given to one in trust for another, that the latter may enjoy it by having the interest, or a maintenance out of it, would be made subject in equity to his debts. The Legislature may from policy, or humanity, exempt certain parts of a debtor’s estate from execution. But with those exceptions, it was considered an inseparable incident to property, legal or equitable, that it should be liable to the debts of the owner, as it is to his alienation.
 

 It is said, however, that, as this case is situated, the Court ought not to assume jurisdiction, because, although the debtors have no legal property, the plaintiff has not exhausted his remedy at law, as he has not taken the body of the debtor in execution, whereby, he might enforce an assignment of his interest. In
 
 Brown
 
 v. Long, 2 Dev. and Bat. Eq. 138, without determining the general question, whether equity will lay hold of choses in action, or equitable interests of this kind, for the satisfaction of judgment debts, the Court held, that it would, at least, do so, when the debtor having been once discharged from the debt as an insolvent, could not be arrested on a second
 
 ca. sa.
 
 That was sufficient for that case, within a direct decision of Lord Hardwicke, cited in the opinion of the Court. Indeed, we are not prepared to say, now, that relief can be given in respect to legal choses in action, which a -creditor might reach through the instrumentality of a
 
 capias ad, satis
 
 
 *298
 

 faciendum.
 
 Upon a judgment against a woman, and a return of
 
 nulla
 
 bona, equity would, of necessity, since the statute forbidding the arrest of females, apply debts due to her in satisfaction; upon the clear ground, that there is no other remedy, and that herproperty must be made amenable in some way.
 

 But with respect to property purely equitable, whether that of a male or female, relief ought to be had in this Court whenever by an execution against the estate, and a return of
 
 nulla
 
 bona, or otherwise, it appears that there is nothing out of which satisfaction at law by execution against property can be had. It is true, the debtor, if taken in execution would be obliged to put such an interest into his schedule; and hence it might seem, that equity ought not to interfere. But that ■does not follow; for equity often acts wdren it can act more efficiently than the law, and this is the more true when the subject is equitable. As the law once stood, and in England even at this day, relief in equity might not he needful. Execution against the body was effectutal. The debtor could not be discharged upon a schedule and his oath, but continued in prison until he paid the debt, or was enlarged by an act of Parliament. It was on the debtor, then, to get the trust fund in or dispose of it for the money, so that he might satisfy his creditor ; and, if the debtor were a trader, he was declared a bankrupt, and his whole property of every kind vested in the assignees, not bound by his disposition after arrest, or even by assignment in contemplation of. insolvency. The pressure of actual and indefinite imprisonment might wTell be relied on to produce payment, if the debtor had means of any kind to make it. Hence it is not to be wondered at, that Lord Hardwicke, in
 
 Edgill v. Haywood,
 
 3 Atk. 352, should have placed the relief on the loss of the
 
 oa. sa.
 
 Our law is now in a very different state; such as ren - ders that species of execution very inadequate, as a means of coercing payment. The debtor is not imprisoned at all, if he can give bail, and upon his oath he is discharged with an exemption from seizure of all property that he may have dishonestly concealed. After arrest, he continues to deal with
 
 *299
 
 his property as owner, and may make what preferences he pleases in the application of it to other debts, so that, generally, his near friends to whom he looks for future favors in return, get it, and the arresting creditor is sore to be the last to share in it, and, in fact, seldom gets any thing. But suppose the debtor to-'act fairly in that respect, and to make an honest schedule, including his equitable property, held for him upon either declared or secret trusts. What follows? The sheriff, as general assignee of insolvents, has still to have recourse to the court of equity to get in the fund. Why not, then, allow the creditor to resort at once to the fund through this Court, and not compel him to the circuitous mode of a
 
 ca. sa.,
 
 and an assignment in insolvency? It is in the very spirit of legislative policy, which discountenances imprisonment by ■execution against the body, by impairing its potency. Besides, this method has the important advantage, that it constitutes a
 
 lis pendens,
 
 and thereby avoids subsequent assignments by the debtor, and gives a fair preference to the diligent creditor, and clears an unfortunate and failing man from all those suspicions, which naturally attach to preferences towards favored friends —sometimes voluntary, and often involuntary. If there were no other ground for the jurisdiction but this, in connection with the nature of the property, on which no lien at law can be created by execution, it would be sufficient to sustain it as furnishing a remedy more complete than the legal one. It is not the purpose of the statute passed for the ease of persons arrested on execution that they should keep off their creditors from their property, of whatever kind, but only that they should not suffer in their persons. That policy is best sub-served by aiding the creditor to reach equitable property directly, and easily, and making it inure to the satisfaction of him who diligently pursues it, so as to dispense with imprisonment, when it can be avoided. In holding this doctrine, the Court proceeds on no new principle. The relief against equitable property, or a trust fund, was given in
 
 Harrison
 
 v. Battle, 1 Dev. Eq. 537, and
 
 Mebane
 
 v.
 
 Mebane,
 
 4 Ired. Eq. 131, and in other cases, without a
 
 ca. sa.
 
 The demurrer' must,
 
 *300
 
 therefore, be over-ruled, and the cause is necessarily to be remitted to the Court of Equity for further proceedings thereon’ according to the course of the Court, and in conformity with the decree here.
 

 Per Curiam, Demurrer over-ruled.